IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

```
UMEME RAYSOR             X
                         :   Civil action # _____
      -vs-               :
USP CANAAN, et al.       :   Judge: _____
United States of America,:
         Defendant.      :
                         X
```

Federal Tort Claims Act [FTCA] 28 U.S.C. §2401, et. seq. and 28 U.S.C. §2675, et. seq. motion to seek money damages due to medical deliberate indifference, Eight Amendment Right to be free from cruel and unusual punishment in Bureau of Prisons custody.

The (FTCA) allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. §2674 Moshier v. United States no. 05-180 (2007). wl 1703536 * 9 (W.D. PA. June 11, 2007). Baker v. United States, no. 05-146, 2006 WL 7946877 * 4 (W.D. Pa July, 2006). In this regard "[t]he FTCA was designed primarily to remove the sovereign immunity of the United States from suits in tort claims, with certain specific exceptions, to render the government liable in tort as a private individual would be under like circumstances. Sosa V. Alvarez Machain, 542 U.S. 692, 700 (2004) (quoting), Richards v. United States, 369 U.S. 1, 6 (1962); CNA v. United States, 535 F.3d 132-138, (3rd cir. 2008). Federal district courts have jurisdiction over civil rights actions against the United States for damges "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment, under the circumstance where the United States [if] a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(B)(1).

a person is permitted to sue under the [FTCA] to recover damages from the United States for personal injuries that he suffered during confinement in a federal prison that resulted from the negligence of a government employee.

1

See; <u>Rinaldi v. United States</u>, 1:09-cv-1700 (2010) U.S. dist lexis 66024 at * 11 (M.D. Pa July 1, 2010), (Rambo, J.) (citing) <u>United States v. Muniz</u>, 374 U.S. 150 (1963).

                                                Respectfully submitted,

                                                _Uméme Rayser_

                                                (Pro-Se)

Dated: <u>December 12, 2012</u>

                                                BROOKLYN MDC UNIT: K
                                                K04-805L
                                                P.O. BOX 329001
                                                BKLYN NY 11232

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA (SCRANTON)

UMEME RAYSOR                          X
                                      :   Civil action # _____
                                      :
         -vs-                         :
USP CANAAN, et al.                    :   Judge: _____
United States of America,             :
         Defendant.                   X

Motion to join the court ordered [attempt] to mediate a settlement between petitioner and the Bureau of Prisons. This court appointed... [Joe Barrett] to attempt a settlement pre-trial. Here at U.S.P. Canaan. This plaintiff wish to join this settlement attempt.

                                    Respectfully submitted,

                                    Umeme Raysor
                                    # 46678053
                                    Brooklyn MDC Unit: K
Dated: JANUARY 15, 2013             K04-805L
                                    P.O. Box 329001
                                    BKLYN, NY 11232

UMEME RAYSOR, 46678-053
BROOKLYN MDC    UNT: K    QTR: K04-805L
P.O. BOX 329001
BROOKLYN, NY 11232

U.S. Department of Justice | Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: RAYSOR, UME'ME'   46578-053   C.1   CAA-HIGH
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A - REASON FOR APPEAL**

My appeal mirrors the last, I seek monetary compensation for (food) food poisoning, and denial of medical treatment in the amount of $000. Inmate proceeds to exhaust his remedies to satisfy the PRLA exhaustion requirement so that in the event he would choose to later bring forth a civil action pursuant to (1331) he will be able to do so. versus if he failed to exhaust his remedies, and to give this office opportunity to mitigate a correct the errors of its subordinates

DATE 9-22-2011   Umé'mé Raysor
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
OCT 17 2011
Administrative Remedy Section
Federal Bureau of Prisons

---

DATE | GENERAL COUNSEL
ORIGINAL: RETURN TO INMATE | CASE NUMBER: _____

**Part C - RECEIPT**
CASE NUMBER: 648178-A1

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION
SUBJECT: _____

DATE | SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN | BP-231(13) JUNE 2002

**Administrative Remedy No. 648178-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you allege you were denied appropriate medical care for food poisoning in June 2011. You claim you became ill and were not provided adequate medical attention during this event. For relief, you request monetary compensation as a result of food poisoning and for insufficient medical treatment.

A review of this matter revealed the Health Services staff promptly recognized a large outbreak of gastrointestinal illness at your institution. A response plan was implemented by the medical staff to this outbreak which was consistent with the recommendations of the U.S. Centers for Disease Control and Prevention. Most persons who develop gastroenteritis related to salmonella generally recover without complications, simply by treating their illness with oral fluids. Two key elements of an effective response plan to an outbreak of salmonella includes promoting intake of oral fluids to prevent dehydration and conducting triage to identify individuals showing signs of significant dehydration. Your institution staff responded appropriately providing each unit with fluids and nutritional support with a bland diet. Triage was conducted on the units to identify any inmates who showed the signs of serious dehydration and who needed additional medical attention.

You have failed to provide evidence to substantiate your claim of being denied appropriate medical attention. The record reflects you received medical care and treatment in accordance with evidence based standard of care and within the scope of services of the Federal Bureau of Prisons.

In regards to your request for monetary compensation, Program Statement 1330.16, <u>Administrative Remedy Program</u>, does not provide such relief. There are statutorily-mandated procedures in place for addressing such requests. Therefore, your request will not be considered in this response.

Considering the foregoing, this response is provided for informational purposes only.

August 7, 2012
Date

Harrell Watts, Administrator
National Inmate Appeals

NENE RANSOR #46678-053
AKWN MDC
BOSL UNITE
P.O. BOX 32900S
BROOKLYN, NY 11231

NO FEE
Enclosed

RECEIVED
SCRANTON
SEP - 9 2013
PER _____ DEPUTY CLERK

OFFICE OF THE CLERK
USDC MIDDLE DISTRICT
OF PENNSYLVANIA
235 N. WASHINGTON AVE.
P.O. BOX 1148
SCRANTON, PA. 18501-1148

